# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JONATHAN R. MORGAN**, | Case No. 2:25-cv-00491-HL |
| Petitioner, | **ORDER ADOPTING F&R IN FULL** |
| v. | |
| **JAMIE MILLER**, Superintendent, Snake River Correctional Institution, | |
| Respondent. | |

Johnathan R. Morgan, Snake River Correction Institution, 777 Stanton Blvd, Ontario OR 97914. Pro Se.

Daniel T. Toulson and James Aaron, Oregon Department of Justice, 1162 Court Street NE, Salem, OR 97301. Attorneys for Respondent.

**IMMERGUT, District Judge.**

On December 1, 2025, Magistrate Judge Hallman issued his Findings and

Recommendation ("F&R"), ECF 16, recommending that Petitioner Jonathan R. Morgan's

Petition for Writ of Habeas Corpus, ECF 1, be denied as untimely. Petitioner filed objections to the F&R, ECF 19, on December 18, 2025.[1] Respondent filed a timely response, ECF 22.

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

This Court has reviewed de novo the portions of Judge Hallman's F&R to which Petitioner objected. Judge Hallman's F&R, ECF 16, is ADOPTED in full. Petitioner's Petition for Writ of Habeas Corpus, ECF 1, is DENIED and this action is DISMISSED with prejudice. A certificate of appealability is also DENIED.


**IT IS SO ORDERED**.

DATED this 29th day of December 2025.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[1] Although Petitioner's objections were due on December 15, 2025, Petitioner's declaration, ECF 21, shows that he made several attempts to file the objections within that time frame. This Court finds that Petitioner's objections were timely filed.